ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CASE NO. 3:06CV-240-H

DONALD DIDELOT                                                    PLAINTIFF

v.        **UI DISTRIBUTION NORTH AMERICA, INC.'S ANSWER**

UPRIGHT INTERNATIONAL, et. al                         DEFENDANTS

\*    \*    \*    \*

Defendant UI DISTRIBUTION NORTH AMERICA, INC. ("Answering Defendant"), by counsel, for its Answer to Plaintiff's Complaint, states as follows:

FIRST DEFENSE

1. This Answering Defendant is without sufficient knowledge or information to determine the veracity of the allegations contained in Paragraphs 3, 6, 7, 8, 9, 13, 14, 15, and 19 of Plaintiff's Complaint and therefore denies the same.

2. This Answering Defendant admits UpRight International Manufacturing, Ltd. ("UIML") is a foreign corporation, located in Dublin, Ireland, and has manufactured aluminum scaffolding and aerial work platforms for distribution to various countries around the world. This Answering Defendant denies that UIML manufactured the equipment at issue in this case. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1 of the Complaint.

3. This Answering Defendant admits that it is a separate business entity from UIML. This Answering Defendant denies the remainder of the allegations contained in Paragraph 2 of the Complaint.

4. This Answering Defendant admits that it is a separate business entity from UpRight, Inc. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint does not require a response.

6. Paragraph 10 of the Complaint does not require a response.

7. This Answering Defendant admits it has distributed access equipment in the United States. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 11 of the Complaint.

8. This Answering Defendant denies it designed, manufactured, distributed, sold, leased, or maintained the TM12 UpRight Man Lift, Serial Number 7474. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 12 of the Complaint.

9. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has been severely injured and damaged. This Answering Defendant denies the remainder of the allegations contained in Paragraph 16 of the Complaint, as they relate to this Answering Defendant.

10. This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that the TM12 at issue in this Action was a substantial factor in causing Plaintiff's alleged injuries. This Answering Defendant denies the remainder of the allegations contained in Paragraph 17 of the Complaint, as they relate to this Answering Defendant.

11. This Answering Defendant denies the allegations contained in Paragraph 18 of the Complaint.

12.     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff suffered serious and permanent injuries and damages.  This Answering Defendant denies the remainder of the allegations contained in Paragraph 20 of the Complaint, as they relate to this Answering Defendant.

13.     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has and will suffer physical and mental and emotional pain and distress.  This Answering Defendant denies that any of its conduct caused Plaintiff's alleged present and future physical and mental and emotional pain and distress.

14.     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has incurred and will in the future incur medical expenses.  This Answering Defendant denies that any of its conduct caused Plaintiff's alleged present and future medical expenses.

15.     This Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's power to labor and earn money has been permanently impaired, all to his damage.  This Answering Defendant denies that any of its conduct caused Plaintiff's alleged loss of earning capacity.

16.     This Answering Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND DEFENSE

17.     Plaintiff's Complaint fails to state a cause of action against this Answering Defendant for which relief can be granted.

## THIRD DEFENSE

18.     That, if discovery and the evidence reveal that at the time and place in question, Plaintiff Donald Didelot failed to exercise ordinary care for his own safety and

that such failure was the sole cause or, in the alternative, a substantial factor in causing the accident or injuries in
question, then this Answering Defendant is not liable to Plaintiff or fault should be apportioned accordingly.

## FOURTH DEFENSE

19.     That, if discovery and the evidence reveal that at the time and place in question, General Shale or its employees or agents failed to exercise ordinary care and that such failure was the sole cause or, in the alternative, a substantial factor in causing the accident or injuries in question, then this Answering Defendant is not liable to Plaintiff or fault should be apportioned accordingly.

## FIFTH DEFENSE

20.     That, if discovery and the evidence reveal that at the time and place in question, the negligent acts or omissions of others for whom this Answering Defendant is not responsible were the sole cause or, in the alternative, a substantial factor in causing the accident or injuries in question, then this Answering Defendant is not liable to Plaintiff or fault should be apportioned accordingly.

## SIXTH DEFENSE

21.     That, if discovery and the evidence reveal that at the time and place in question the TM12 Man Lift was misused, this Answering Defendant is not liable to Plaintiff.

## SEVENTH DEFENSE

22.     Plaintiff fails to state a claim for breach of an implied or express warranty claim against this Answering Defendant for which relief can be granted.

## EIGHTH DEFENSE

23.     This Answering Defendant is entitled to the benefit of the presumption of non-defectiveness provided in the Kentucky Product Liability Act.

## NINTH DEFENSE

24. Plaintiff fails to a state a claim for liability under a Concert of Action theory against this Answering Defendant for which relief can be granted.

## TENTH DEFENSE

25. That, if discovery and the evidence reveal that at the time and place in question Plaintiff's alleged personal injuries were the result of modification(s) or alterations made to the TM12 Man Lift, including the failure(s) to observe routine care and maintenance, then this Answering Defendant is not liable to Plaintiff.

## ELEVENTH DEFENSE

26. This Answering Defendant asserts all defenses available under the Kentucky Product Liability Act, KRS 411.300, et seq.

## TWELFTH DEFENSE

27. Plaintiff failed to make a reasonable effort to avoid loss and thus breached his duty to limit his damages and avoid future damages, by failing to take responsible advantage of opportunities to reduce or minimize losses.

## THIRTEENTH DEFENSE

28. Plaintiff is barred from recovery against this Answering Defendant since Plaintiff's alleged personal injuries were proximately caused by an intervening and supervening cause that broke the chain of causation.

## FOURTEENTH DEFENSE

29. To the extent Plaintiff has or is entitled to receive workers compensation benefits or other benefits to which the payor is subrogated to the claim asserted by Plaintiff, then Plaintiff is not the owner of such claims, and the amount of damages claimed by him must be reduced accordingly.

FIFTEENTH DEFENSE

30.     Plaintiff is not entitled to punitive damages under Kentucky K.R.S. 411.184 since this Answering Defendant did act toward the Plaintiff with oppression, fraud or malice.

SIXTEENTH DEFENSE

31.     Plaintiff is not entitled to punitive damages under Kentucky common law since this Answering Defendant did not act with gross negligence or a wanton or reckless disregard for the lives, safety or property of others.

SEVENTEENTH DEFENSE

32.     To the extent this Answering Defendant is not accorded substantive and procedural due process of the law, or equal protection of the laws, concerning Plaintiff's claim for punitive damages, including but not limited to the evidence received, the quantum of proof required, the manner in which the jury is instructed, the amount of any punitive damages awarded, and post-trial procedures reviewing any award of punitive damages, such claims are barred by the Fifth Amendment to the United States Constitution and applicable provisions of the Kentucky Constitution.

EIGHTEENTH DEFENSE

33.     All allegations of the Complaint not specifically admitted herein are expressly denied.

NINETEENTH DEFENSE

34.     This Answering Defendant reserves the right to amend its Answer and to add any and all other affirmative defenses under Civil Rule 8 as discovery proceeds.

WHEREFORE, this Answering Defendant having fully answered the Complaint of the Plaintiff, demands as follows:

1.     That the Complaint be dismissed with prejudice;

2.     That it recover its costs herein expended;

3.	That it be granted leave to file an amended pleading upon conclusion of reasonable discovery, if necessary; and

4.	That it be allocated all other relief to which it may now or hereinafter appear to be entitled.

                    Respectfully submitted,

                    s\ David T. Schaefer
                    David T. Schaefer
                    WOODWARD, HOBSON & FULTON, L.L.P.
                    2500 National City Tower
                    Louisville, KY  40202
                    (502) 581-8000
                    Email:  dschaefer@whf-law.com
                    Counsel for Defendant,
                    UI Distribution North America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th of July, 2006, the foregoing was electronically filed with the court by using the CM/ECF system, to the following;

Hal D. Friedman
COOPER & FRIEDMAN, PLLC
hdf@cooperandfriedman.com
Counsel for Plaintiff

in addition the foregoing was sent by US mail, postage prepaid to:

Michael T. Cooper
Cooper & Friedman
3101 Breckinridge Lane
Suite 1A, Professional Bldg. East
Louisville, KY 40220

David R. Bramer
Registered Agent for Process
BRAMER, INC.
4224 Cane Run Road
Louisville, KY  40126

William J. Cooper, Jr.
Registered Agent for Process
ARCO BRAMER LOUISVILLE, LLC
One Riverfront Plaza
401 W. Main Street, Suite 1200
Louisville, KY  40202

                                            s\David T. Schaefer
                                            David T. Schaefer